**FILED**

DEC 14 2023 MCP

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:23-cr-00641
Judge John Robert Blakey
Magistrate Judge Jeffrey T. Gilbert
RANDOM/ CAT 3

Dec 14, 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Violations: Title 18, United States |
| DENNIS W. HAGGERTY JR. ) | Code, Sections 1343 and 3147 |

The SPECIAL JANUARY 2023 GRAND JURY charges:

1. At times material to this Indictment:

    a. Company A provided COVID-19 testing kits to individuals and institutions and was headquartered in Willowbrook, Illinois. Individual A was the president of Company A.

    b. Company A purchased bulk quantities of COVID-19 testing kits from suppliers, including Company B, a COVID-19 testing kit manufacturer.

    c. Defendant DENNIS W. HAGGERTY JR. was the Chief Operating Officer of Company A. In this role, HAGGERTY managed Company A's finances and had online access to Company A's bank account at Bank A with an account number ending in 1805. HAGGERTY also maintained and controlled his own personal bank accounts, including at Bank B.

2. Beginning in or around September 2021, and continuing until in or around September 2022, at Willowbrook, in the Northern District of Illinois, Eastern Division, and elsewhere,

DENNIS W. HAGGERTY JR.,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud Company A, and to obtain money and property of Company A by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that HAGGERTY fraudulently acquired funds from Company A by initiating and causing the initiation of payments from Company A's bank account that falsely appeared to be legitimate payments for Company A expenses, when HAGGERTY knew that the funds were unauthorized payments to himself for his own personal use and were not payments for Company A expenses.

4. It was further part of the scheme that HAGGERTY misrepresented his educational background and credentials, including his purported status as a certified professional accountant, to Individual A and other Company A personnel, in order to gain access to Company A's finances and bank account.

5. It was further part of the scheme that HAGGERTY initiated and caused the initiation of wire transfers from Company A's bank account at Bank A, falsely naming Company B as the beneficiary, knowing that they were in fact transfers to a personal account controlled by HAGGERTY at Bank B.

6. It was further part of the scheme that HAGGERTY issued checks drawn from Company A's account at Bank A to himself, knowing that the money would be

2

used for his personal benefit, and not for the benefit of Company A. HAGGERTY, at times, misrepresented the purpose of the checks by making false and misleading entries on check memo lines.

7. It was further part of the scheme that HAGGERTY issued purported payroll bonus payments from Company A's account at Bank A to himself, knowing that the bonus payments were not authorized by Individual A.

8. It was further part of the scheme that HAGGERTY made false and misleading statements to Individual A to assure Individual A that Company A's funds had been used solely for legitimate expenditures and had not been used for HAGGERTY's personal benefit, when, as HAGGERTY knew, he had used Company A's funds for his personal benefit.

9. It was further part of the scheme that HAGGERTY misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme and acts done in furtherance of the scheme.

10. It was further part of the scheme that, as a result of the scheme, HAGGERTY embezzled and fraudulently misappropriated at least approximately $1.8 million from Company A.

11. On or about each of the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

DENNIS W. HAGGERTY JR.,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate

commerce certain writings, signs, and signals, namely, wire transfers, in the amounts listed below, from Company A's account at Bank A with an account number ending in 1805 to HAGGERTY's account at Bank B with an account number ending in 2235, that falsely represented that the beneficiary was Company B, each such transfer constituting a separate count:

| COUNT | DATE | WIRE TRANSFER AMOUNT |
|---|---|---|
| One | October 19, 2021 | $38,400 |
| Two | November 17, 2021 | $24,800 |
| Three | December 16, 2021 | $196,560 |
| Four | January 3, 2022 | $49,600 |
| Five | February 24, 2022 | $74,800 |

In violation of Title 18, United States Code, Section 1343; and

DENNIS W. HAGGERTY JR.,

defendant herein, committed the offenses set forth in Counts One through Five while on release under Chapter 207 of Title 18, United States Code, pursuant to an order of the United States District Court for the Northern District of Illinois;

In violation of Title 18, United States Code, Section 3147.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2023 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant DENNIS W. HAGGERTY JR. shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $1,859,191.

3. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY